**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HECTOR SANCHEZ,<br><br>        Plaintiff<br><br>        v.<br><br>HOMEBRIDGE FINANCIAL SERVICES, INC., a New Jersey corporation, and DOES 1 through 20, inclusive,<br><br>        Defendant | CASE NO. 1:17-CV-1267 AWI EPG<br><br>**ORDER TO SHOW CAUSE** |

        On March 20, 2018, the Court granted Defendant's motion to compel arbitration. See Doc. No. 15. The effect of the order was that Plaintiff could only pursue his claims through arbitration. The Court stayed this matter pending arbitration and ordered the parties to file a notice of commencement of arbitration. See id. Specifically, the Court ordered: "Within thirty days of service of this order, the parties may initiate arbitration within the Eastern District of California – Fresno Division, and shall file a notice of filing arbitration with the Court within thirty-five days of service of this order." Id. More than 35 days have passed and no notice has been filed.

        On April 24, 2018, defense counsel submitted a declaration explaining the status of the matter. See Doc. No. 17. Defense counsel states that Plaintiff has failed to initiate arbitration and "inexplicably" demands that Defendant initiate the arbitration. Id. Defense counsel includes an e-mail string in which the parties take the position that the other is to initiate the arbitration. See id.

The Court has concerns over the status of this case. Given the Court's order, the Court would have expected Plaintiff to file a response of some kind, but he did not. It is possible that Plaintiff is willing to let the e-mails speak for themselves. However, Plaintiff's silence may also mean that he has no further interest in pursuing his claims. Either way the Court is surprised and dismayed that it is necessary to issue an additional order.

Given the status of the matter, the Court is inclined to lift the stay and dismiss this matter outright without prejudice.[1] See Johnmohammadi v. Bloomingdales, Inc., 755 F.3d 1072, 1074 (9th Cir. 2014) (noting that courts have the discretion to stay or dismiss a case where all of the claims are subject to arbitration). The parties will be ordered to show cause why this course should not be followed.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Within seven days of service of this order, the parties shall show cause in writing why the stay should not be lifted and this case dismissed; and

2. Within three days of service of a response, the parties may file a reply.

IT IS SO ORDERED.

Dated: May 8, 2018

_____
SENIOR DISTRICT JUDGE

---

[1] When a motion to compel arbitration is granted, courts dismiss claims without prejudice. E.g. Justours, Inc. v. Bogenius Grp, LLC, 2017 U.S. Dist. LEXIS 136836, *10 (D. Nev. Aug. 25, 2017); Nevarez v. Forty Niners Football Co., 2017 U.S. Dist. LEXIS 131208, *47 (N.D. Cal. Aug. 15, 2017); Xinhua Holdings Ltd. v. Electric Recyclers Int'l, Inc., 2013 U.S. Dist. LEXIS 180512, *34 (E.D. Cal. Dec. 24, 2013); Gillette v. First Premier Bank, 2013 U.S. Dist. LEXIS 88605, *12 (S.D. Cal. June 24, 2013); Bencharsky v. Cottman Transmission Sys., LLC, 625 F.Supp.2d 872, 885 (N.D. Cal. 2008); O.N. Equity Sales Co. v. Steinke, 504 F.Supp.2d 913, 917 (C.D. Cal. 2007).