# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HECTOR SANCHEZ,**<br><br>    Plaintiff<br><br>    v.<br><br>**HOMEBRIDGE FINANCIAL SERVICES, INC., a New Jersey corporation, and DOES 1 through 20, inclusive,**<br><br>    Defendant | **CASE NO. 1:17-CV-1267 AWI EPG**<br><br>**ORDER ON ORDER TO SHOW CAUSE AND ORDER DISMISSING CASE** |

On March 20, 2018, the Court granted Defendant's motion to compel arbitration. See Doc. No. 15. The effect of the order was that Plaintiff could only pursue his claims through arbitration. The Court stayed this matter pending arbitration and ordered the parties to file a notice of commencement of arbitration. See id. Specifically, the Court ordered: "Within thirty days of service of this order, the parties may initiate arbitration within the Eastern District of California – Fresno Division, and shall file a notice of filing arbitration with the Court within thirty-five days of service of this order." Id. No notice was filed.

On April 24, 2018, defense counsel submitted a declaration explaining the status of the matter. See Doc. No. 17. Defense counsel stated that Plaintiff failed to initiate arbitration and "inexplicably" demands that Defendant initiate the arbitration. Id. Plaintiff did not respond to defense counsel's submission.

On May 9, 2018, the Court issued an order to show cause. The Court expressed its concern over Plaintiff's silence and ordered that parties to show cause why the stay should not be lifted and the case dismissed without prejudice. See Doc. No. 18. The Court gave the parties seven days to file a response, and gave the parties an additional three days from the date of a response to file a reply. See id.

On May 11, 2018, Defendant responded to the order and requested that if the case was dismissed, the Court should reaffirm that Plaintiff can only pursue his claims through arbitration. See Doc. No. 19.

On May 15, 2018, Plaintiff filed his response. See Doc. No. 20. In his response, Plaintiff states that Defendant will not be surprised or prejudiced by an order requiring it to start the JAMS arbitration process because Defendant asked to have this matter compelled into that forum. See id. Plaintiff states that the contract at issue was an adhesion contract, and that he would not have had to file this case in court if the agreement had been fair in the first place. See id. Because of that, any complaint about having to pay the JAMS filing fees "should fall on deaf ears." Id. Plaintiff's remaining argument is as follows:

> There is [a] huge filing fee to initiate arbitration with JAMS. Under California law, Plaintiff cannot be compelled to pay any more than the filing fee he has already paid in State Court. More importantly, he should not have to. Having prevailed on the Petition, Defendant should pay this and all other fees for arbitration.
>
> Since Congress passed the Civil Rights Act of 1866, federal courts have been the primary forum for citizens to enforce their constitutional and statutory rights. In light of this history, dismissal of this case should not be a serious consideration. At some point, delay and procedural maneuvering should take a back seat to Plaintiff's effort to enforce his rights. Otherwise, the court has conceded its role in the process based on a contract of adhesion.

Id.

On May 16, 2018, Defendant filed a reply that cited portions of the Court's order on the motion to compel arbitration. See Doc. No. 21. Defendant then argues that Plaintiff's response does not consider or address the relevant portion of the order compelling arbitration, and that dismissal with prejudice is the appropriate sanction for Plaintiff's failures. See id.

Also on May 16, 2018, Plaintiff filed his reply. See Doc. No. 22. Plaintiff simply states that because some provisions were limited, he should not have to pay any filing fee. See id.

*Discussion*

Plaintiff's response does not show why the case should continue to be stayed.

First, the fact that the agreement was determined to be a contract of adhesion does not mean that the agreement cannot or should not be enforced. State and federal courts in California enforce arbitration agreements that are a part of contracts of adhesion. E.g. Poublon v. C.H.

Robinson Co., 846 F.3d 1251, 1260, 1274 (9th Cir. 2017); Serpa v. California Sur. Investigations, Inc., 215 Cal.App.4th 695, 704, 711 (2013).

Second, Plaintiff cites no evidence that the process of starting the JAMS arbitration involves a "huge filing fee." Since the moment Defendant filed its motion to compel, it has consistently maintained the position that Plaintiff would only be responsible for paying a $400 filing fee. Defendant continues to maintain that position in its reply, and in fact expressly states that it will pay any additional fees over $400. See Doc. No. 21 at 1:25-27. In the absence of actual evidence from Plaintiff, a $400 filing is not "huge."

Third, there is an absence of authority for any of Plaintiff's assertions. The Court is aware of other courts that order "the parties" to initiate arbitration (like the order in this case did), as well as orders that require a plaintiff to comply with arbitration agreements. E.g. Bailey v. Affinitylifestyles.com, Inc., 2017 U.S. Dist. LEXIS 196249, *16 (D. Nev. Nov. 29, 2017); Justours, Inc. v. Bogenius Grp, LLC, 2017 U.S. Dist. LEXIS 136835, *10 (D. Nev. Aug. 25, 2017). Also, the Federal Arbitration Act directs courts to order "the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. However, Plaintiff does not cite authority that requires a defendant to initiate arbitration once a court grants a motion to compel arbitration. Further, as Defendant correctly points out, the Court addressed the dispute about who should pay the $400 filing fee in the order compelling arbitration. See Doc. No. 15 at p.15 n.4. The Court stated:

> The Court understands that the parties disputed payment of the $400 filing fee. However, the briefing of the parties has not addressed the issue. Neither side has cited authority that deals with the effect of a plaintiff's choice to file a lawsuit instead of arbitration, when portions of the arbitration agreement are limited or stricken as unconscionable. In the absence of authority from the parties, the Court will not order HFS to pay the filing fee. Consistent with Rule 11, if Sanchez has a good faith argument that HFS should pay the $400 arbitration filing fee, he may file a motion for reconsideration that is supported by citation to relevant authority.

Id. The order was filed on March 20, 2018. Since that time, Plaintiff has filed no motions for reconsideration and, more importantly, continues to fail to cite to any authority that supports his position that he does not have to pay the $400 filing fee. To be sure, there is at least a surface appeal to Plaintiff's position. Arbitration was ordered, but only after the arbitration agreement

was limited through an unconscionability analysis.  But, again, Plaintiff cites no other cases that have ordered a defendant to pay the entirety of an arbitration filing fee, nor has Plaintiff cited any statutory or case authority that would authorize this Court to order Defendant to pay the entire filing fee.  The bare arguments of counsel, unsupported by relevant authority, are unpersuasive.

Finally, while there is a general reference to the Civil Rights Act of 1866, this case in no way implicates that law.  The Federal Arbitration Act and Plaintiff's California state law claims are the relevant laws that are implicated.  As explained in the order to compel arbitration, the Federal Arbitration Act and the relevant authorities cited demonstrate that it is the Court's obligation to enforce the arbitration clause in the Agreement, even though it is a contract of adhesion.  See Poublon, 846 F.3d at 1259, 1274.

In light of the foregoing, the parties have failed to demonstrate why this case should not be dismissed.  Therefore, the Court will lift the stay and dismiss this case.  See Johnmohammadi v. Bloomingdales, Inc., 755 F.3d 1072, 1074 (9th Cir. 2014).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The stay in this matter, issued on March 20, 2018, is LIFTED;
2. Pursuant to Johnmohammadi v. Bloomingdales, Inc., 755 F.3d 1072, 1074 (9th Cir. 2014), this case is DISMISSED without prejudice to the parties pursuing arbitration with JAMS in accordance with the terms of the parties' arbitration agreement (9 U.S.C. § 4);[1] and
3. The Clerk shall CLOSE this case.[2]

IT IS SO ORDERED.

Dated:   June 7, 2018                                    _____
                                                          SENIOR DISTRICT JUDGE

---

[1] For the sake of clarity, the Court reaffirms that the provisions of the arbitration agreement that were limited or stricken by the Court's March 20, 2018 Order Compelling Arbitration remain limited and stricken.

[2] Once again, the Court would entertain a timely motion to reconsider by Plaintiff if and only if the Plaintiff can cite relevant authority in support his argument that Defendant should pay the entirety of the JAMS filing fee.